■ ALBERT GALANTE, Individually and as Executor of MARIE GALANTE, Deceased, Appellant, v. COHEN'S QUALITY BAKERY, INC., et al., Respondents. (And 3 Other Actions.) — REYNOLDS, J. Appeal from an order of the Supreme Court, Ulster County, denying appellant's motion for costs and to strike the answer for respondents' neglect to proceed when reached for trial on May 20, 1968 and from an order of the same court denying appellant's motion again for costs and to strike the answer for the respondents' neglect to proceed when reached for trial on June 3, 1968. While we are not in this case disposed to interfere with the discretionary determination of the trial court in the exercise of the control of its calendar (*Plachte* v. *Bancroft Inc.*, 3 A D 2d 437; *Ploof* v. *Somers*, 277 App. Div. 1076; see, *Cohn* v. *Borchard Affiliations*, 30 A D 2d 74), we would, nevertheless, note our displeasure at the long delay that has ensued in this case. Twice in a two-week period appellant's attorney

traveled from New York City to Kingston with the direct understanding that this case was ready to proceed to trial and on both occasions discovered that respondents' counsel was engaged in another trial. On the first occasion, on May 20, 1968, both respondents' counsel and another attorney representing one of the instant litigants were involved in litigation in Supreme Court, Ulster County, and on that date respondents' counsel agreed to try this case following the case on trial; on the second occasion on June 3, 1968, when the case was number one on the calendar and all the remaining litigants were ready to proceed, respondents' counsel was just commencing to try a case in Rockland County pursuant to a prior order of special preference. This prior commitment was outstanding as of April 3, 1968 not only in ample time to forewarn appellant's counsel and to be considered when, on May 20, 1968, he indicated to the trial court and the other litigants, in effect, that this would be the next case tried, but also in time to comply with rule 2.22 (22 NYCRR 861.22) of the court with which he also neglected to conform. In addition no explanation was given why the partner of respondents' counsel, who was present on June 3, 1968, could not proceed with the case. It would appear that the root of the problem is, as suggested by the attorney for one of the other litigants on June 3, 1968, that respondents' counsel is too extensively committed by the representation of one insurance company over a large area and, in fairness to other litigants who are ready to proceed, must either curtail his commitments or enlarge his staff to provide adequate coverage. Occasionally prior commitments will require a postponement but this should be the rare exception and not the rule. This is particularly true in a case such as the instant one involving multiple litigants. This case has been on the day calendar since 1966, there is no valid reason for the long delay and on its return we direct its trial with all possible speed. Orders affirmed, with costs to appellant. Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Cooke, JJ., concur in memorandum by Reynolds, J.